UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID RAY ADELE                                                                                    PETITIONER

V.                                                         CIVIL ACTION NO. 3:24-CV-574-DPJ-ASH

BURL CAIN, MDOC COMMISSIONER, AND
DERRICK CHAMBERS, MDOC DEPUTY COMMISSIONER                          RESPONDENTS

ORDER

Pro se Petitioner David Ray Adele brings this free-exercise claim against Burl Cain, Commissioner of the Mississippi Department of Corrections (MDOC), and Derrick Chambers, Deputy Commissioner at MDOC. Adele is a prisoner currently housed at the Central Mississippi Correctional Facility (CMCF) in Pearl, Mississippi. *See* Pet. [1] at 3.

Adele seeks to enforce his "Federally Recognized, Religious Preference," *id*. at 1 (unaltered), and his Petition is subject to screening under the Prison Litigation Reform Act (PLRA).[1] Order [7]. As set forth below, the Court dismisses Adele's request for mandamus relief and pending motions [17, 24] with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). His remaining motions will be denied without prejudice. Lastly, Respondents must file a responsive pleading to Adele's claim under the Religious Land Use and Institutionalized Person Act (RLUIPA).

I.      Facts and Procedural History

Adele says MDOC violated the First Amendment by denying him the freedom to exercise his religion—Odinism/Ásatrú—since his incarceration in 2015. Pet. [1] at 1. The denial

---

[1] When a prisoner asks to proceed in forma pauperis (IFP) in a writ-of-mandamus action, "the nature of the underlying action" determines the PLRA's applicability. *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998); *see also In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997).

includes all religious sacraments and rites. *See, e.g.*, Mot. [40] (failure to produce "Gothi/Godi," a pagan-faith minister); Mot. [49] (failure to produce ritual candles); Mot. [50] (failure to produce drinking horn); Mot. [52] (failure to produce ritual hammer). He seeks a writ of mandamus instructing the state to accommodate his beliefs.

Since filing his Petition, Adele has filed 46 motions in this case and another 47 motions in a separate federal suit that seeks the same relief. *See Adele v. Cain*, No. 3:24-CV-616-DPJ-ASH. Many of his motions repetitively ask the Court to grant the remedies he seeks in his Petition. But the motions also included a Motion to Amend/Correct [38], which sought leave to add an RLUIPA claim to his Petition. United States Magistrate Judge Andrew S. Harris granted this motion. Order [57] at 1.

II. Analysis

When, as here, a prisoner proceeds IFP, the PLRA mandates dismissal "at any time" if the Court "determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court will separately screen the request for writ of mandamus and the RLUIPA claim.

A. Mandamus Relief

In his Petition, Adele asks that the "Court enter an Order compelling Respondent to perform his/her duties" to provide him freedom to exercise his religion—Odinism/Ásatrú, *see* Pet. [1] at 1–2. But because Respondents are state prison officials, the Court cannot grant mandamus relief.

"Federal mandamus applies to officers, employees, and agencies of the United States. It does not apply to officers, employees, and agencies of states." *Gordon v. Whitley*, 24 F.3d 236,

236 (5th Cir. 1994) (citing 28 U.S.C. § 1361); *see also Russell v. Knight*, 488 F.2d 96, 97 (5th Cir. 1973) ("[F]ederal courts have no general power to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought . . . .").

Because "federal courts do not have jurisdiction to issue the writ against a state actor or state agencies," Adele cannot maintain his mandamus action. *See Ochoa v. Collier*, 802 F. App'x 101, 105 (5th Cir. 2020); *Gordon*, 24 F.3d at 236. His Petition for writ of mandamus [1] is dismissed with prejudice as frivolous under 28 U.S.C. § 1915(c)(2)(B)(i), and his motions [17, 24] requesting mandamus relief are denied with prejudice. *See Martin v. Crain*, 652 F. App'x 272, 273 (5th Cir. 2016) (dismissing as frivolous plaintiff's appeal of district court's decision construing his civil-rights complaint as petition for writ of mandamus).[2]

B.  RLUIPA Enforcement

The RLUIPA claim is different. "RLUIPA unambiguously creates a private right of action for injunctive and declaratory relief." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326–27 (5th Cir. 2009). That claim cannot, therefore, be dismissed for lack of subject-matter jurisdiction, and Respondents will need to respond.

That said, Adele's other pending motions will be denied without prejudice. As noted, Adele has collectively filed 93 motions in his two civil actions, almost all of which seek the same relief—an order to enforce RLUIPA. These motions are largely repetitive. For example, five of his motions seek a faith leader. Mots. [18, 25, 29, 36, 40]. And they are unnecessary because they generally seek the same relief sought in the Petition but in piecemeal fashion.

---

[2] This isn't the first time Adele has been told that federal courts lack authority to grant mandamus relief to direct a state official to act. *See Adele v. Goff*, No. 1:14-CV-463-JCG (S.D. Miss. Mar. 31, 2017), Order [21] at 1–2, 4; *Adele v. Jackson*, No. 1:14-CV-449-LG-RHW (S.D. Miss. Jan. 12, 2015), Order [13] at 1–3.

"District courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Adele's repetitive and unnecessary filings clog this Court's docket and are counterproductive because they delay the ultimate resolution. While pro se prisoners are afforded a fair opportunity to develop their cases, this "does not mean that the court is obligated to tolerate abuse of its open door." *Howard v. King*, 707 F.2d 215, 220–21 (5th Cir. 1983). Accordingly, the Court denies Adele's pending motions. *See United States v. Ruston*, 414 F. App'x 726, 727 (5th Cir. 2011) (denying petitioner's many pending motions for being repetitive).

Because the Court is not dismissing Adele's RLUIPA claim, but only the redundant motions, the Court need not provide him with the opportunity to respond. *See Grant v. Nationwide Mutual Ins. Co.*, No. 1:24-CV-00247-DAE, 2025 WL 1146869, at *2 (W.D. Tex. Mar. 5, 2025) (citing *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021)).

C.     Warning

The Court warns Adele that Federal Rule of Civil Procedure 11(b)(1) requires all "attorneys or unrepresented parties" to certify a written motion "is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Seeking the same relief in dozens of motions potentially violates that rule and could lead to sanctions if it continues.

III.   Conclusion

For the reasons stated, Adele's request for mandamus relief is dismissed with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and his motions [17, 24] requesting mandamus relief are denied with prejudice.

4

Adele's remaining pending motions [10, 11, 12, 14, 16, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 46, 48, 49, 50, 51, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62] are denied without prejudice.

A separate order regarding service of Adele's Complaint on Respondents will be issued.

**SO ORDERED AND ADJUDGED** this the 25th day of November, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE