UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAVID RAY ADELE PLAINTIFF

V. CIVIL ACTION NO. 3:24-CV-574-DPJ-ASH

BURL CAIN, MDOC COMMISSIONER, AND DERRICK CHAMBERS, MDOC DEPUTY COMMISSIONER DEFENDANTS

ORDER

On June 12 and July 1, 2026, the parties to this 42 U.S.C. § 1983 case appeared before the undersigned for a settlement conference. At the conclusion of the conference, the parties agreed to a settlement of pro se Plaintiff David Ray Adele's claims against Defendants Burl Can and Derrick Chambers under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Free-Exercise and Endorsement Clauses of the First Amendment. That agreement was memorialized in an Agreed Order Providing for Religious Accommodations and Dismissing Lawsuit with Prejudice [124]. Seven weeks later, Adele filed a motion asking the Court to find Defendants in contempt for failure to provide the "religious ritual items . . . mandated by the July 1st 2026 Order." Mot. [125]. The Court ordered Defendants to respond to that initial motion, Order [127], and they did, Resp. [137].

Since he filed the original contempt motion, Adele has filed 11 separate affidavits in support [126, 129, 130, 131, 132, 133, 136, 138, 139, 147, 154], 4 letters [140, 141, 142, 144], and 11 additional motions [134, 135, 143, 145, 146, 148, 150, 151, 152, 153, 155].[1] Many of his filings are partially or entirely duplicative. This Order attempts to make order of the docket and

[1] One or more of Adele's filings suggest the undersigned "produced" documents giving rise to Adele's claims of contempt. *E.g.*, Mot. [135] at 1. The undersigned did not generate documents for the parties; rather, the Court oversaw a settlement conference that involved the parties exchanging settlement positions and proposed changes to documents.

sets forth a briefing schedule to bring Adele's complaints about Defendants' compliance with the Agreed Order [124] to a final resolution.

This is not the first time Adele has inundated the Court with an avalanche of repetitive and redundant filings: on November 25, 2025, Judge Jordan warned Adele that "[s]eeking the same relief in dozens of motions potentially violates" Federal Rule of Civil Procedure 11(b)(1) "and could lead to sanctions if it continues." Order [63] at 4. Despite this warning, Adele has again filed numerous motions seeking the same relief, arguably running afoul of Rule 11.

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). Adele's behavior makes it nearly impossible for the Court to address his motions: every time Adele files a new motion, he delays a ruling on what is already on file. And his multiple filings place an undue burden on the Court to sift through piles of paper to identify his evolving arguments, which is not an efficient use of limited judicial resources. *See United States v. Drake*, No. 1:25-CR-38, 2026 WL 1390844, at *1 (E.D. Tex. May 15, 2026); *United States v. Foreman*, No. 17-119, 2023 WL 8459880, at *10 (M.D. La. Dec. 6, 2023). In short, Adele's repetitive and duplicative filings are vexatious and improper. *See Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008). The Court warns Adele that this conduct must stop.

In view of all of this, and consistent with the prior approach to Adele's excessive and duplicative filings, the Court denies all pending motions [125, 134, 135, 143, 145, 146, 148, 150, 151, 152, 153, 155] without prejudice. The Court intends to hear Adele's arguments that Defendants have failed to consummate the settlement and are in contempt of the Agreed Order [124], but Adele must gather all his arguments into a **single** motion. The motion should not attempt to relitigate the underlying claims in this lawsuit—which have been dismissed—but

instead should focus on how Adele alleges Defendants failed to comply with the terms of the settlement and Agreed Order [124]. The Court sets the following parameters for Adele's motion:

1. Adele may file a **single** motion addressing Defendants' alleged non-compliance with the settlement agreement and Agreed Order [124], attaching a single affidavit (or declaration) in support and any pertinent exhibits.
2. Adele's motion shall be filed on or before December 1, 2026.[2]
3. Defendants shall file a response to Adele's motion within 14 days of its filing.
4. Adele may file a reply within 14 days of service of Defendants' response.
5. Together, Adele's motion and affidavit shall not exceed 15 pages in length. His reply shall not exceed 5 pages in length. Defendants' response shall not exceed 20 pages in length.
6. Once Adele's motion and affidavit, Defendants' response, and Adele's reply are filed, the Court will consider the briefing closed.
7. The Court will strike any additional documents or motions Adele files beyond those contemplated by this Order.

The Court warns Adele that if he fails to comply with the Court's instructions and continues to file multiple duplicative motions and attachments, the Court will issue an order directing Adele to show cause why the Court should not impose a prefiling injunction prohibiting future filings without first obtaining leave of court. *See Baum*, 513 F.3d at 188–89 (explaining

---

[2] The Court anticipates Adele may file additional motions and attachments before he receives this Order. The Court intends to deny any interim motions without prejudice for the reasons contained in this Order. So that the Court can identify the single motion Adele finally files in accordance with the instructions of this Order, the caption on that single motion should identify it as his Comprehensive Motion.

that district court may sua sponte impose prefiling injunction if party enjoined is given notice and hearing); *accord Nix v. Major League Baseball*, 62 F.4th 920, 936 (5th Cir. 2023).

**SO ORDERED AND ADJUDGED** this the 10th day of November, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE